# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GARY L. KING, JR., <br><br> PLAINTIFF, <br><br> v. <br><br> D4C DENTAL BRANDS MANAGEMENT LLC & GEBBS CONSULTING, <br><br> DEFENDANTS. | CIVIL ACTION FILE NO. <br><br> _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Gary L. King, Jr. ("Plaintiff"), by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendants D4C Dental Brands Management, LLC ("Defendant D4C") and GeBBS Consulting ("Defendant GeBBS") (hereinafter collectively referred to as "Defendants"), showing the following:

## I. NATURE OF COMPLAINT

1. Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendants' violation of his rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII") and 42 U.S.C. Section § 1981 ("Section 1981").

## II. PARTIES

2. Plaintiff is a resident of the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

3. Defendant D4C is a Foreign Limited Liability Company with a principal office located at 2970 Brandywine Road, Suite 200, Atlanta, Georgia 30341.

4. Defendant GeBBS is a Foreign Corporation with a principal office located at 300 E. Joppa Road, Suite 303, Towson, Maryland 21286

5. Defendant D4C may be served by delivering a copy of the Complaint and Summons to its Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

6. Defendant GeBBS may be served by delivering a copy of the Complaint and Summons to its Chief Operating Officer, Zack Tscheulin, at 300 E. Joppa Road, Suite 303, Towson, Maryland 21286.

7. Defendants are subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of Title VII.

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331

over Counts III, IV, and V of this Complaint, which arise out of Section 1981.

10. The majority of the events plead herein occurred at 2970 Brandywine Rd Suite 200, Atlanta, Georgia 30341.

11. This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Atlanta Division of the Northern District of Georgia.

12. Plaintiff exhausted all administrative remedies in this matter.

13. This action has been timely commenced.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

15. Defendant GeBBS contracts with healthcare businesses to provide information technology ("IT") support and to otherwise support both their IT operations and specific projects.

16. Defendant D4C (which stands for "Dentistry for Children") provides business support services to independently-owned pediatric dental, orthodontic, and oral surgery practices.

17. Defendants are now, and at all times relevant hereto have been, employers subject to Title VII and Section 1981.

18. Plaintiff is African American.

19. During all times relevant to his claims, Defendants were aware of Plaintiff's race.

20. During all times relevant to his claims, Plaintiff was jointly employed by Defendant GeBBS and Defendant D4C.

21. Plaintiff was hired as a Senior System Engineer by Defendant GeBBS on August 4, 2021, to provide technical services to Defendant GeBBS and Defendant D4C.

22. During all time periods relevant to his claims, Plaintiff worked remotely for Defendant GeBBS and physically reported to Defendant D4C's Chamblee, Georgia location.

23. Prior to the events in question, Plaintiff received no indication of unsatisfactory performance from Defendants.

24. While working with Defendants, Plaintiff was repeatedly subjected to discriminatory and derogatory comments.

25. In particular, from July 21, 2021, to September 14, 2021, Mr. Arcot Parkash, Defendant's D4C's Chief Information Officer, made several comments which disparaged Plaintiff's skills as a Systems Engineer, as well as implicating negative stereotypes about Plaintiff's race.

26. Mr. Parkash is not African American.

27. Mr. Parkash stated that Plaintiff driving his coworkers to lunch made Plaintiff like a butler, a statement which plainly evokes negative stereotypes of African American men as domestic servants.

28. Mr. Parkash stated Plaintiff was not a competent systems engineer; Mr. Parkash did not make similar comments to Plaintiff's non-African American counterparts.

29. In another incident, Mr. Parkash introduced Plaintiff to a new employee, who Mr. Parkash told that the company was still trying to see where Plaintiff fit into the company and what his skills were, rather than simply referring to Plaintiff by his title as Senior Systems Engineer.

30. Plaintiff is also aware of another African American employee, Mr. Micheal Jackson, who experienced similar treatment from Mr. Parkash, including racially charged comments regarding his dress.

31. Plaintiff's non-African American counterparts were not similarly treated.

32. Plaintiff reported his concerns regarding the discriminatory behavior directed towards him to several supervisors and coworkers, including communicating his concerns to his direct supervisor, Ms. Christine Good.

33. On September 13, 2021, Plaintiff was moving server boxes with a coworker and became concerned that he had been exposed to COVID-19.

34. On September 14, 2021, Plaintiff emailed Defendants, informing them that he would need to be absent from work that day due to his potential COVID-19 exposure.

35. Plaintiff did not receive a response from either company's management.

36. Instead, Plaintiff received an email from a coworker noting his absence from work.

37. The coworker told Plaintiff that he had tried to send Plaintiff an email earlier, but it had failed to be delivered.

38. Defendant GeBBS's Human Resources department then contacted Plaintiff's wife, who informed Defendants that Plaintiff planned to be tested for COVID-19.

39. Defendant GeBBS then sent Plaintiff an email confirming their conversation with his wife, instructed Plaintiff not to perform any work while he was out, and to contact Human Resources as soon as possible.

40. Plaintiff then checked his employee portal and discovered that he was marked as terminated.

41. Plaintiff contacted Defendants for clarification regarding his termination and received no response.

42. Plaintiff filed claims against Defendants with the Equal Employment Opportunity Commission ("EEOC").

43. Plaintiff received his Dismissal and Notice Rights from the EEOC, dated September 28, 2023.

## V. CLAIMS FOR RELIEF

### COUNT I: TITLE VII DISCRIMINATION

44. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

45. Plaintiff is a member of a protected class by virtue of his race.

46. Plaintiff suffered from a hostile work environment while employed by Defendants.

47. Plaintiff suffered from disparate treatment versus his non-African American counterparts while employed by Defendants.

48. Plaintiff was terminated from his employment with Defendants, an adverse action.

49. Defendants have no legitimate business reasons for the adverse action against Plaintiff.

50. Defendants' business reason for Plaintiff's termination is pretextual.

51. Plaintiff suffered damages as a result of Defendants' actions, for which he is entitled to recovery.

## COUNT II: TITLE VII RETALIATION

52. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

53. Plaintiff is a member of a protected class by virtue of his race.

54. Plaintiff suffered from a hostile work environment while employed by Defendants.

55. Plaintiff suffered from disparate treatment versus his non-African American counterparts while employed by Defendants.

56. As such, Plaintiff had a good faith belief that discrimination was occurring in the workplace.

57. Plaintiff reported the discriminatory remarks to Defendants, a protected activity.

58. Upon information and belief, Defendants were aware of the protected complaint.

59. Plaintiff was subsequently terminated from his employment with Defendants, an adverse action.

60. The temporal proximity of Plaintiff's complaints of race discrimination to the adverse actions taken against him show causation.

61. Defendants have no legitimate business reasons for the adverse actions

against Plaintiff.

62. Defendants' business reason for Plaintiff's termination is pretextual.

63. Plaintiff suffered damages as a result of Defendants' actions, for which he is entitled to recovery.

## COUNT III: SECTION 1981 DISCRIMINATION

64. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

65. Plaintiff is a member of a protected class by virtue of his race.

66. Plaintiff suffered from a hostile work environment while employed by Defendants.

67. Plaintiff suffered from disparate treatment versus his non-African American counterparts while employed by Defendants.

68. Plaintiff was terminated from his employment with Defendants, an adverse action.

69. Defendants have no legitimate business reasons for the adverse action against Plaintiff.

70. Defendants' business reason for Plaintiff's termination is pretextual.

71. Plaintiff suffered damages as a result of Defendants' actions, for which he is entitled to recovery.

## COUNT IV: SECTION 1981 RETALIATION

72.     Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

73.     Plaintiff is a member of a protected class by virtue of his race.

74.     Plaintiff suffered from a hostile work environment while employed by Defendants.

75.     Plaintiff suffered from disparate treatment versus his non-African American counterparts while employed by Defendants.

76.     As such, Plaintiff had a good faith belief that discrimination was occurring in the workplace.

77.     Plaintiff reported the discriminatory remarks to Defendants, a protected activity.

78.     Upon information and belief, Defendants were aware of the protected complaint.

79.     Plaintiff was subsequently terminated from his employment with Defendants, an adverse action.

80.     The temporal proximity of Plaintiff's complaints of race discrimination to the adverse actions taken against him show causation.

81.     Defendants have no legitimate business reasons for the adverse actions

against Plaintiff.

82. Defendants' business reason for Plaintiff's termination is pretextual.

83. Plaintiff suffered damages as a result of Defendants' actions, for which he is entitled to recovery.

## COUNT V: ATTORNEY FEES AND COSTS

84. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

85. As Defendants violated Plaintiff's rights protected by 42 U.S.C. §1981, Plaintiff is entitled to recover his attorney's fee and expenses as provided by 42 U.S.C §1988 and other relevant federal statutes.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. That judgment be entered against Defendants on all claims;

c. Actual, compensatory, and liquidated damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages;

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper;

f. Declaratory relief to the effect that Defendants violated Plaintiff's statutory rights;

g. Injunctive relief prohibiting Defendants from further unlawful conduct of the type described herein; and

h. Any other relief this Court deems proper and just.

Respectfully submitted this 21st day of December, 2023.

                                THE KIRBY G. SMITH LAW FIRM, LLC

                                <u>s/Amanda M. Brookhuis</u>
                                Amanda Brookhuis
                                Georgia Bar No. 601396
                                Kirby G. Smith
                                Georgia Bar No. 250119
                                Attorney for Plaintiff

4488 North Shallowford Road, Suite 105
Atlanta, Georgia 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

14.

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 21st day of December, 2023.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Amanda M. Brookhuis
        Amanda Brookhuis
        Georgia Bar No. 601396
        Attorney for Plaintiff